**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Darren Brady

   v.                                              Case No. 20-cv-209-SM

Anthony Havalotti

**REPORT AND RECOMMENDATION TO DISMISS CASE SUA SPONTE**

     This is a civil rights action under 42 U.S.C. § 1983 in which the plaintiff, Darren Brady, proceeding pro se, alleges that the defendants unlawfully arrested and prosecuted him, in violation of his constitutional rights.  Compl. (Doc. No. 1).

     In March 2021, the court sua sponte stayed all deadlines in this case and canceled a preliminary pretrial conference upon learning, through an unrelated litigation, that Mr. Brady had been hospitalized.  Mar. 15 2021 Endorsed Order; see also Feb. 25, 2021 Endorsed Order, Brady v. Weeks Medical Ctr., No. 19-cv-655-SM.  In staying all deadlines, the court directed Mr. Brady to "provide the court with a status update on his condition on or before April 9, 2021 that should include whether he ha[d] been released from the hospital" so that the court could reschedule the preliminary pretrial conference thereafter.  Mar. 15, 2021 Endorsed Order.  Mr. Brady, however, provided no update by April 9, 2021.  (Around that time, the Clerk's Office had contacted the Florida hospital where Mr. Brady purportedly had resided and learned that he had left the facility.)  Additionally, Mr. Brady failed to appear at two preliminary

1

pretrial conferences held telephonically in a related litigation on April 6 and April 15, 2021.  See Apr. 6, 2021 and Apr. 15, 2021 Endorsed Orders, Brady v. Roberts, No. 20-cv-208-PB.

In light of these events, the court ordered Mr. Brady to show cause as to why it should not dismiss his case due to his failure to prosecute or otherwise comply with the court's orders.  See April 26, 2021 Show Cause Order (Doc. No. 18) (citing Fed. R. Civ. P. 41(b)).  In doing so, the court warned Mr. Brady that his failure to comply could result in the sua sponte dismissal of Mr. Brady's claims with prejudice.  See id. On May 25, 2021, Mr. Brady responded by maintaining that he was still in the "Orlando Health Hospital with COVID-19" and that "the reason to allow [his] cases to move forward is simply cause [sic] of the face of justice."  Brady Response (Doc. No. 21).

Taking Mr. Brady at his word, the court again directed Mr. Brady "to update the court as to his hospitalization or any other circumstances affecting his ability to prosecute his claims on or before July 21 2021."  June 2, 2021 Endorsed Order. The court also reminded Mr. Brady that "[f]ailure to timely do so may result in the sua sponte dismissal of [his] claims with prejudice.  Id. (citing Fed. R. Civ. P. 41(b)).  Copies of this Endorsed Order were sent to Mr. Brady's Florida and New Hampshire addresses.  Mr. Brady, however, did not respond.

To date, Mr. Brady has repeatedly fallen short of his obligation to update the court as to his health status and his

2

future ability to participate in any of his active proceedings. Nor has he adequately explained his purported inability to telephonically participate in court events or his failure to prosecute his case remotely.

Given Mr. Brady's failure to prosecute his claims, his failure to comply with the court's orders, and the court's repeated warnings as to the consequences of Mr. Brady's failures, the District Judge should dismiss this matter, sua sponte, without prejudice to Mr. Brady's ability to bring the claims asserted in this matter in a future complaint, unless Mr. Brady sufficiently demonstrates that he can prosecute his claims and comply with his obligations under the Federal Rules and the court's orders.  Any objections to this Report and Recommendation must be filed within thirty days of receipt of this notice.  The thirty-day period may be extended upon motion. Failure to file an objection within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 9, 2021

cc:  Darren Brady, pro se
     Brian J.S. Cullen, Esq.